IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1347-09






THE STATE OF TEXAS, Appellant



v.



ALFRED ISASSI





ON APPELLANT'S MOTION FOR REHEARING


FROM THIS COURT'S OPINION


ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


KLEBERG COUNTY





 Keller, P.J., filed a dissenting opinion.


 In his motion for rehearing, appellant contends that the Court's construction of the statute
"does not give fair warning of what is prohibited" and leaves the courts with the "wholly
unstructured task of defining through criminal prosecutions the limits of appropriate ex parte
contact." Appellant also complains that the Court's motive discussion dichotomizes "public-spirited
good governance" with an interest in a family member's welfare when "there is no inherent conflict
between them." I agree.

 Part of the problem with the Court's opinion on original submission is that it conflates the
concepts of motive and intent. The "improper influence" statute requires that a person act "with an
intent to influence the outcome of the proceeding on the basis of considerations other than those
authorized by law." (1) The Court's opinion says, however, that "clear proof of an improper motive
would serve to criminalize [appellant's] conduct." (2) Motive and intent are not necessarily the same. (3) 
A person who communicates with a prosecutor may have a motive to help a family member, but he
may nevertheless intend to influence the prosecutor's decision only on the basis of considerations
that are authorized by law, such as the strength of the evidence in the case. I cannot fathom how a
wholly uncommunicated motive (4) could influence the outcome of a proceeding, so I do not see how
evidence of such could be sufficient to show intent. 

 Nevertheless, the Court broadly holds that harboring a motive to help a family member is
sufficient to satisfy the intent requirement of the statute. Under this holding, a friend or relative
would be advised never to speak favorably to a prosecutor about a person under investigation, even
if asked. Even if his answer is true (e.g., John Doe has never been in trouble with the law), the
speaker risks criminal prosecution by saying so. 

 I think this is exactly what the Court intended by its opinion. But if it is not, then the opinion
inadequately articulates the guidelines for determining what communications are criminal. The
opinion's failure to do so renders the law unconstitutionally vague as applied to appellant's case. (5)

 Finally, even if the Court's interpretation of the statute were clear, appellant had no reason
to foresee, before the Court's opinion was handed down, that a wholly uncommunicated motive
would cause an otherwise legal communication to violate § 36.04. This being so, the Court's
interpretation should not be retroactively applied to appellant. (6) 

 I respectfully dissent to the Court's refusal to grant rehearing.

 

Filed: December 8, 2010

Publish
1. Tex. Penal Code § 36.04(a) (emphasis added).
2. Isassi v. State, NO. PD-1347-09, 2010 Tex. Crim. App. LEXIS 1287 at 21 (October 6)
(emphasis added).
3. Mays v. State, 318 S.W.3d 368, 381 (Tex. Crim. App. 2010) ("Appellant offered no
evidence to suggest that he did not intend to shoot a person. All of his mental-illness evidence
showed why he intentionally and knowingly killed the deputies: He was paranoid and thought they
had 'mistreated' him. But motive is not an element of murder or capital murder." ) 
4. A motive could be communicated by words or by circumstances.
5. See Posters 'N' Things v. United States, 511 U.S. 513, 525 (1994) (Explaining in an "as
applied" context: "The void-for-vagueness doctrine requires that a penal statute define the criminal
offense with sufficient definiteness that ordinary people can understand what conduct is prohibited
and in a manner that does not encourage arbitrary and discriminatory enforcement."), quoting
Kolender v. Lawson, 461 U.S. 352, 357 (1983) (explaining that the statute before it "as presently
drafted and as construed by the state courts, contains no standard for determining what a suspect has
to do in order to satisfy the requirement to provide a 'credible and reliable' identification"). 
6. See Rogers v. Tennessee, 532 U.S. 451, 457 (2001) ("Deprivation of the right to fair
warning, we continued, can result both from vague statutory language and from an unforeseeable and
retroactive judicial expansion of statutory language that appears narrow and precise on its face.").